Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4720 | **DATE** | 6/15/2004 |
| **CASE TITLE** | Babel vs. Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition for fees and costs under the E.A.J.A. is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 1 6 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL BABEL, IRINA BABEL, )
EVELIN BABEL and ROSTISLAV BABEL, )
)
Plaintiffs, )
)
v. ) No. 02 C 4720
)
U.S. DEPARTMENT OF HOMELAND )
SECURITY, Secretary TOM RIDGE; )
UNITED STATES CITIZENSHIP and )
IMMIGRATION SERVICES, DONALD J. )
MONICA, Interim District Director, and )
JOHN ASHCROFT, United States Attorney )
General, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs Michael Babel, Irina Babel, Evelin Babel, and Rostislav Babel, immigrants of Russia, filed a Complaint for Writ of Mandamus against John Ashcroft, United States Attorney General, and Brian Perryman, District Director of Chicago of Chicago Immigration and Nationalization Service ("INS")[1] to compel action on their applications for lawful permanent resident status ("I-485") properly filed with the INS in Chicago. (R. 1-1, Pl.'s Comp. ¶ 1.). Defendants ultimately denied Plaintiffs' applications for permanent resident status. (R. 17-1, Pl.'s App. for Fees and Costs ¶ 4.). Plaintiffs subsequently orally moved the court to dismiss their case on December 15, 2003, and the court granted their motion. (*Id.* at ¶ 8.). On January 15, 2004, Plaintiffs filed this application for fees and costs pursuant to the Equal Access to

---

[1] Effective March 1, 2003, the INS ceased to exist as an independent agency and its functions have since become part of the newly formed United States Department of Homeland Security.



Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412 ("E.A.J.A."). For the reasons stated below, the Court denies Plaintiffs' application for fees and costs pursuant to the E.A.J.A.

## LEGAL STANDARDS

The E.A.J.A. permits courts to award costs, attorney's fees, and other expenses to a "prevailing party" in any civil action against the United States or one of its agencies, unless the court finds that the United States' position was substantially justified or that special circumstances existed that would make an award unjust. 28 U.S.C. §2412(d)(1)(A). A party must meet the following four requirements before the party can recover under the E.A.J.A.: (1) if the party is an individual, his net worth must not exceed $2,000,000 at the time the civil action is filed; (2) the party "prevailed" in the action; (3) the position of the United States was not substantially justified; and (4) there are no special circumstances that would make an award unjust. *United States v. Eighty-Eight Designated Accounts*, 786 F. Supp. 1578, 1579 (S.D. Fla. 1992). The E.A.J.A. mandates that a party seeking relief satisfy each of the statute's enumerated requirements. The E.A.J.A. provides that a court must base attorney's fees upon the current market rates for the type of services provided and that it may not award fees in excess of $125.00 per hour unless the court decides that certain factors, such as an increase in the cost of living, justify an increase in the statutory limit. 28 U.S.C §2412(d)(2)(A).

## BACKGROUND

Plaintiffs filed a complaint on July 22, 2002, to compel the District Director of the USCIS to adjudicate their applications for lawful permanent resident status which had been pending since February 5, 1999. (R. 17-1, Pl.'s App. for Fees and Costs ¶ 4.). Subsequent to the filing of the complaint, Defendants voluntarily scheduled Plaintiffs for interviews on their applications, but continued to delay final adjudication of them. *Id.* After a second interview on

December 3, 2003, Defendants denied Michael Babel's application for permanent resident status, stating that because he was a fugitive of Russia, the United States Department of Homeland Security ("DHS") could not grant him lawful residency. (*Id.* at ¶ 8-9.). The DHS denied the remaining Plaintiffs' applications given that the approval of their applications was contingent upon the principal applicant's acceptance for lawful permanent resident status. (*Id.* at ¶ 9.).

Because they received a final adjudication on their applications, Plaintiffs orally dismissed their case on December 15, 2003. (*Id.* at ¶ 9.). The Court did not enter a final judgment or decree for Plaintiffs. On March 12, 2004, the DHS approved Plaintiffs' applications for adjustment of status, granting Plaintiffs lawful permanent resident status pursuant to their I-485 applications. (R 20-1, Pl.'s Mtn. to Supp. App. for E.A.J.A. Fees and Costs, ¶ 1.).

## ANALYSIS

Plaintiffs assert that they are entitled to compensation of attorney's fees and costs pursuant to the E.A.J.A. because they are the prevailing party in the litigation and because Defendants' action in delaying the adjudication of their applications for resident status was not substantially justified. Plaintiffs further assert that the approval for adjustment of their resident status indicates that they are the prevailing party because they received a favorable ruling on their claims for relief. Plaintiffs argue that the term "prevailing party" must be liberally construed under the Supreme Court's ruling in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which stated that "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 433.

Plaintiffs also contend that the United States was not substantially justified in delaying

3

adjudication of their applications because Defendants did not provide a reasonable basis in law or fact for the delay. Specifically, Plaintiffs claim that Defendants never requested any further documentation relating to Plaintiff Michael Babel's alleged fugitive status in Russia and that Defendants' assertion that Babel was a fugitive was merely conclusory.

Defendants counter that Plaintiffs are not eligible for recovery under the E.A.J.A. because they are not the prevailing party for purposes of the E.A.J.A. and because Plaintiffs have not offered any evidence to indicate that their net worth is less than $2,000,000. Defendants further argue that they were substantially justified in requiring a complete background check before granting Plaintiffs permanent resident status. They contend that the delay in the adjudication of the applications fell within the discretion of the United States Attorney General and his delegates.

## I. Plaintiffs are not a "Prevailing Party" in the Litigation

The main issue in this case is whether Plaintiffs obtained prevailing party status in this litigation in order to recover under the E.A.J.A. If Plaintiffs are not considered a prevailing party in the litigation, then they cannot recover fees and costs under the E.A.J.A.

The standards used in defining the term "prevailing party" are generally applicable to all fee-shifting statutes that authorize an award of fees and costs to a prevailing party. *Buckhannon v. W. Virginia Dept. of Health and Human Res.*, 532 U.S. 602, 604 (2001). Generally, a "prevailing party" is one who is granted some relief by the court, concerning a significant issue in the litigation, by either a judgment on the merits or a court ordered consent decree. *Buckhannon*, 532 U.S. 602 at 598.

Plaintiffs rely primarily on two cases, *Hensley* and *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989), to support their claim that they are the

4

prevailing party in the litigation because the final adjudication on their applications for residency "represents a significant achievement of the benefits sought in bringing the suit." *See Hensley*, 461 U.S. at 433. The *Hensley* and *Texas* Courts, however, did not address whether a party may obtain prevailing party status in the litigation when that party was not provided judicial relief subsequent to the filing of their complaint. Rather, in those cases, the issue was whether a party that prevails on some, but not all issues in the litigation, may be deemed a prevailing party for purposes of a fee-shifting statute. Neither court determined whether a party may obtain prevailing party status through a voluntary change in the defendant's conduct.

Plaintiffs also fail to address the more recent outcome in *Buckhannon* in which the Supreme Court stressed that a court cannot deem a party "prevailing" unless that party is granted some sort of relief by the court through either a judgment on the merits or by a court ordered consent decree that alters the legal relationship of the party. *Buckhannon*, 532 U.S. 602 at 598. Although the application for fees and costs in *Buckhannon* was filed under the fee shifting provisions of the Americans with Disabilities Act of 1990, ("ADA") and the Fair Housing Amendments Act of 1988 ("FHAA"), the *Buckhannon* court acknowledged that the term "prevailing party" should be interpreted consistently among the numerous fee shifting statues authorized by Congress. *Id.* Thus, the *Buckhannon* Court's interpretation of what constitutes a prevailing party is applicable to the prevailing party provision of the E.A.J.A.

Although Defendants eventually adjudicated Plaintiffs' applications for permanent resident status, such adjudication did not result from any judicial judgment. Rather, Defendants voluntarily adjudicated petitioners' applications subsequent to the filing of the complaint. Thus, in accordance with *Buckhannon*, although the initiation of Plaintiffs' lawsuit ultimately brought about the desired outcome in their claims for relief, Plaintiffs cannot be deemed the prevailing

5

party because Defendants' voluntary change in conduct "lacks the necessary judicial imprimatur on the change," required under *Buckhannon*. *Id.*

Plaintiffs reliance on *Illinois Migrant Council v. Pilliod*, 672 F. Supp. 1072, 1075 (N.D. Ill. 1987), for the proposition that a party may be considered a prevailing party in the litigation even when the case is voluntarily dismissed fails in light of *Buckhannon* and *T.D. v. Lagrange Sch. Dist.*, 349 F.3d 469, 478 (7th Cir. 2003). In *T.D.*, for example, the Seventh Circuit interpreted the prevailing party requirement of a fee-shifting statute to mean that the litigant must obtain some sort of judicially sanctioned relief and that even private settlement agreements lack the judicial approval and oversight required for prevailing party status. 349 F.3d at 478. *See also Kolman v. Shalala*, 39 F.3d 173, 175 (7th Cir. 1994) (stating, "basis for award of attorney's fees under E.A.J.A. . . . [is] success in court."); *see also Fed'n of Adver. Indus. Representatives, Inc., v. City of Chicago*, 326 F.3d 924 (7th Cir. 2003) (holding that plaintiffs did not achieve "prevailing party," status because the defendants voluntarily repealed the city ordinance challenged in the litigation).

Thus, although Plaintiffs' applications for residency were voluntarily adjudicated by the Defendants, because Plaintiffs did not receive a judgment on the merits, a court ordered consent decree, or any other form of judicial sanction, they cannot be considered a prevailing party for purposes of the E.A.J.A. Therefore, their application for fees and costs fails.

## II. Defendants were Substantially Justified in Delaying the Adjudication of the Plaintiffs' Applications

Assuming *arguendo* that Plaintiffs achieved prevailing party status, the E.A.J.A. nonetheless bars their recovery because Defendants had a substantial justification for the lengthy adjudication of Plaintiffs' applications for permanent resident status. The DHS, CIS denied

Plaintiff Michael Babel's application for permanent resident status, indicating that he was a fugitive of Russia. (R. 17-1, Pl.'s App. for Fees and Costs ¶ 9.). Plaintiffs argue that because the Defendants did not have concrete evidence regarding Michael Babel's alleged fugitive status, and that because Michael Babel's ability to enter and leave Russia suggested that he was not a fugitive, Defendants' delay in adjudicating their applications was not substantially justified.

The E.A.J.A. requires the party seeking compensation to allege that the government's actions were not substantially justified and places the burden on the government to prove that its actions were in fact substantially justified. 28 U.S.C §2412(d)(2)(D). The term "substantially justified" simply means that the government must have a reasonable basis in both law and fact for its challenged actions. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Whether the government's position was substantially justified is within the discretion of the court. *Pierce*, 487 U.S. 552 at 559.

The FBI provided the DHS with letters informing it that Michael Babel was the subject of an ongoing criminal investigation in Russia. (R. 11, FBI Motion, Ex. A & B.) Further, Russian authorities questioned Babel during a trip to Russia. (R. 17-1, Pl.'s App. for Fees and Costs ¶ 12.). These facts provided Defendants a reasonable basis for concern regarding Michael Babel's application for resident status. Thus, it was properly within the discretion of the Attorney General to complete a thorough background check before adjudicating Plaintiff's application. Defendants did not receive proof that Michael Babel was not a fugitive until after they denied his application for residency. Furthermore, under the E.A.J.A., although Defendants' allegations eventually proved untrue, it does not follow that the delay in the adjudication was unjustified. *See Pierce*, 487 U.S. 552 at 566. Rather, Defendants need only prove that they had a rational basis for delaying the final adjudication of Plaintiffs' applications,

7

regardless of whether their conclusion that Babel was a fugitive was incorrect. *See id.* Accordingly, because it was within the discretion of the Attorney General to complete a thorough background check concerning Plaintiff Michael Babel, the lengthy adjudication of Plaintiffs' applications for permanent resident status was substantially justified.

## CONCLUSION

Plaintiffs' application for fees and costs pursuant to the E.A.J.A. is denied. The E.A.J.A. only allows recovery of attorney's fees and costs to a prevailing party in the litigation. Plaintiffs did not achieve prevailing party status because, although they ultimately achieved the desired outcome in their claim for relief, they did not receive the judicial relief required to be deemed a prevailing party. Furthermore, even if Plaintiffs had obtained prevailing party status, they would still be barred from recovery under the E.A.J.A. because Defendants' lengthy adjudication of Plaintiffs' Applications for lawful permanent resident status was substantially justified.

Dated: June 15, 2004        ENTERED

_____
AMY J. ST. EVE
United States District Court Judge